■     THE PEOPLE OF THE STATE OF NEW YORK ex rel. MICHAEL KANE, Appellant, v. J. EDWIN LA VALLEE, as Warden of Clinton Prison, Respondent.— Appeal by the relator from an order of the Supreme Court, Clinton County, dismissing a writ of habeas corpus after a hearing. Order unanimously affirmed, without costs. No opinion. Present — Bergan, P. J., Coon, Gibson, Herlihy and Taylor, JJ.

■     THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DONALD E. DE GROAT, Appellant.— Appeal from an order of the Ulster County Court, which denied defendant's application for a writ of error *coram nobis*. Defendant was convicted of burglary, third degree. The conviction was affirmed by this court. (5 A D 2d 927.) This is the third *coram nobis* application by defendant on substantially the same grounds. One previous denial was affirmed by this court. (13 A D 2d 557.) Order unanimously affirmed. Present — Coon, J. P., Gibson, Herlihy, Reynolds and Taylor, JJ.

■     THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DAVID THOMAS FITZGERALD, Appellant.— Appeal from an order of the County Court of Cortland County which denied, without a hearing, an application in the nature of a writ of error *coram nobis*. Order unanimously affirmed. No opinion. Present — Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ.

■     THE PEOPLE OF THE STATE OF NEW YORK ex rel. LEONARD STANLEY, Appellant, v. W. CECIL JOHNSTON, as Director of Dannemora State Hospital, Respondent.— Order unanimously affirmed, without costs. No opinion. Present — Bergan, P. J., Coon, Herlihy, Reynolds and Taylor, JJ.

■     In the Matter of the Claim of FLORENCE ORSECK, Respondent, v. FIREMEN'S FUND INSURANCE COMPANY, Appellant, and DONROGER REALTY CORP., Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— The insurance carrier appeals from an award of death benefits, contending that decedent was not an employee of Donroger Realty Corp., its insured employer, and that decedent did not sustain an accidental injury arising out of· and during the course of his employment. The question of policy coverage, raised in appellant's brief, has been withdrawn on oral argument and by letter submitted by consent to this court. Though the record disclosed a dispute as to whether (1) decedent was an employee (manager of a restaurant owned by the employer) or the real owner of the restaurant; and, (2) whether decedent was in the course of his employment when he was killed in an automobile accident, only factual questions were presented, and substantial evidence supports the findings of the board that decedent was an employee and that his death arose out of and in the course of his employment. Award unanimously affirmed, with one bill of costs to the Workmen's Compensation Board and claimant-respondent. Present — Coon, J. P., Gibson, Herlihy, Reynolds and Taylor, JJ.